UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT BOWLING GREEN

BORRIS NICKOLAEVICH SKUDNOV                                    PLAINTIFF

v.                                           CIVIL ACTION NO. 1:09-CV-148-R

COMMONWEALTH OF KENTUCKY CABINET
FOR HEALTH & FAMILY SERVICES                                   DEFENDANT

**MEMORANDUM OPINION**

Plaintiff, Boris Nickolaevich Skudnov, filed this *pro se* action against the Commonwealth of Kentucky Cabinet for Health and Family Services. His claim appears to center around his allegation that from March 2000 until September 2002, Defendant failed to pay him benefits that he believed he was entitled to receive. Plaintiff mentions Section 109 of the Civil Rights Act of 1991 and other "federal law" as the jurisdictional basis of his complaint.[1]

Since Plaintiff is proceeding *in forma pauperis*, this Court must review the instant action pursuant to 28 U.S.C. § 1915(e) and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997). Upon initial review of the complaint, this Court must dismiss a case if it determines that the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). For the reasons set forth herein, the instant action will be dismissed.

The Civil Rights Act of 1991 makes unlawful a failure or refusal to hire on the basis of race, color, religion, sex, or national origin. *See* 42 U.S.C § 2000e-2(a). Specifically, Section 109 made the Civil Rights Act of 1964 and the Americans with Disabilities Act applicable to

---

[1]The Court construes Plaintiff's reference to "federal law" as attempting to state a claim under 42 U.S.C. § 1983.

American citizens working for domestic corporations abroad. Plaintiff is not an employee of Defendant simply because he received monetary assistance from it. Accordingly, Plaintiff has no claims against Defendant under the Civil Rights Act of 1991.

To the extent that Plaintiff also intends to sue Defendant under 42 U.S.C. § 1983, his claims are barred by the statute of limitations and the Eleventh Amendment.

Because § 1983 does not provide a statute of limitations, federal courts borrow the forum state's statute of limitations for personal injury actions. *Wilson v. Garcia*, 471 U.S. 261, 275-280 (1985). Thus, in Kentucky § 1983 actions are limited by the one-year statute of limitations found in KRS 413.140(1)(a). *Collard v. Ky. Bd. of Nursing*, 896 F.2d 179, 182 (6th Cir. 1990). "[T]he statute of limitations begins to run when the plaintiff knows or has reason to know of the injury which is the basis of his action and that a plaintiff has reason to know of his injury when he should have discovered it through the exercise of reasonable diligence." *Id.* at 183. Plaintiff claims his benefits were wrongfully termination from 2000 through 2002. Thus, his claims accrued at the latest in September 2002. He has not offered an adequate explanation why he delayed bringing the instant action until late 2009. Accordingly, the Court finds that any claims under 42 U.S.C. § 1983 are time barred.

Additionally, a state and its agencies may not be sued in federal court, regardless of the relief sought, unless the state has waived its sovereign immunity under the Eleventh Amendment or Congress has overridden it. *Puerto Rico Aqueduct and Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 146 (1993); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 124 (1984); *Alabama v. Pugh*, 438 U.S. 78l, 782 (1978). In enacting § l983, Congress did not intend to override the traditional sovereign immunity of the states. *Whittington v. Milby*, 928 F.2d l88 (6th

Cir. 1991) (citing *Quern v. Jordan*, 440 U.S. 332 (1979)). Defendant is a state agency. As such, it is immune from suit under § 1983.

For the reasons set forth above, the Court will dismiss this action by separate Order.

Date:


cc: Plaintiff, *pro se*
　　　Defendant
4413.008